```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**JOSHUA J. ROBERTSON,**

                      **Plaintiff,**

        **v.**                              **CASE NO. 17-3211-SAC**

**ALEYCIA McCULLOUGH, et al.,**

                      **Defendants.**

**MEMORANDUM AND ORDER**

This matter is a civil action filed under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. §§2000cc-1 to -5 (RLUIPA), by a prisoner in state custody. Plaintiff proceeds pro se and in forma pauperis.

**Screening**

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

**Background**

Plaintiff, a Messianic Jew, seeks to donate a kidney to an unknown female prisoner he saw in a prison medical clinic on August 30, 2017.

Because the female prisoner was present for dialysis, plaintiff believes an organ transplant is needed. He states that the proposed organ donation is his "religious exer[c]ise of curing diseases and providing healing" (Doc. #1, p.5).

Prison authorities, citing regulations prohibiting inmate-to-inmate organ transplants, have denied his request.

Plaintiff seeks declaratory and injunctive relief and costs.

## Analysis

RLUIPA provides, in relevant part, that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … unless the government demonstrates that imposition of the burden on that person … is in furtherance of a compelling government interest, and … is the least restrictive means of furthering that compelling government interest." 42 U.S.C. § 2000cc-1(a).

In imposing this standard, Congress "anticipated that courts would apply [RLUIPA] with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)(quoting S.Rep. No. 103-111, at 10, U.S. Code Cong. & Admin. News 1993, pp. 1892, 1899, 1900)(footnote omitted).

Under Tenth Circuit case law, a plaintiff's religious exercise is substantially burdened where the government requires the plaintiff to participate in an activity that is prohibited by a sincerely held religious belief; prevents the plaintiff from participating in an activity that is motivated by a sincerely held religious belief; or

unduly pressures a plaintiff to violate a sincerely held religious belief. *Yellowbear v. Lampert*, 741 F.3d 49, 55 (10th Cir. 2014).

Accepting plaintiff's desire to supply an organ for transplant as sincerely-held and rooted in his religious beliefs, and accepting that he will be unable to do so under the regulation, the Court nevertheless finds the decision of corrections officials should be sustained. The decision to ban inmate-to-inmate transplants rests on the expertise of prison officials who serve as the managers of inmate welfare, as arbiters of policy, and as stewards of limited financial resources. In the present case, the Court concludes that the denial of plaintiff's request to donate an organ to another prisoner pursuant to regulatoins of the Kansas Department of Corrections must be upheld.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed for failure to state a claim for relief.

IT IS FURTHER ORDERED plaintiff's motion for preliminary injunction (Doc. #7) is denied as moot.

**IT IS SO ORDERED.**

DATED:  This 22nd day of December, 2017, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge